**Victor W. DAY, Appellant,**

v.

**Myra J. DAY, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1973.

·Amos H. Eblen, Eblen, Howard & Milner, Lexington, for appellant.

C. William Funk, Florence, for appellee.

VANCE, Commissioner.

On March 6, 1972, the Probate Court of Middlesex County, Massachusetts, granted appellant, Victor W. Day, a divorce from his wife, Myra, the appellee herein. The decree granted custody of their four-year-old son, Victor, Jr., to the appellant. Two days after the decree, appellant and appellee entered into a written agreement whereby appellant permitted his wife to take the child to Kentucky to live with appellee at the home of appellee's parents. The agreement stipulated that appellant did not thereby relinquish his right to custody of the son granted to him by the Probate Court. The validity of the decree of the Massachusetts court is not challenged by the appellee.

Within a month of her arrival in Kentucky, appellee filed an action in the Boone Circuit Court seeking custody of her son. Appellant appeared and hearings were held before the Domestic Relations Commissioner of the Boone Circuit Court on May 17, 1972, at which both parties were represented. On May 31, 1972, the report of the Commissioner recommended that appellant's motion to dismiss be overruled and that the custody of the son be awarded to appellee. On July 5, 1972, the Boone Circuit Court approved the recommendation over the objections of appellant. This appeal followed.

**484**

We hold Chapter 182 of the Acts of the General Assembly of the Commonwealth of Kentucky, 1972, is applicable to and is dispositive of this litigation. Its applicability is established by Section 26(2) of the Act which provides:

"This Act applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered. Pending actions for divorce or separation are deemed to have been commenced on the basis of irretrievable breakdown. Evidence adduced after the effective date of this Act shall be in compliance with this Act."

The evidence indicates this action was pending when Chapter 182 became effective June 16, 1972.

The jurisdiction of the Boone Circuit Court is established by Section 16 of the Act, codified as KRS 403.260(2)(b), which confers jurisdiction when it is in the best interest of the child that a court of this state assume jurisdiction because:

"1. The child and his parents, or the child and at least one (1) contestant, have a significant connection with this state; and

"2. There is available in this state substantial evidence concerning the child's present future care, protection, training, and personal relationships; * * *."

The disposition of the case is determined by Section 24 of the Act codified as KRS 403.340(1) which provides:

"No motion to modify a custody decree may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health."

The Massachusetts decree was entered only five weeks prior to the petition for modification filed in Kentucky. The petition did not aver any circumstances which endangered the child's physical, mental, moral or emotional health and no affidavits of such conditions are found in the record. For that reason the trial court was without authority to modify the decree of the Massachusetts Court within the two-year time limitation.

This disposition of the case renders it unnecessary for this court to determine whether the trial court was without authority to modify the Massachusetts decree upon the ground that the courts of this state are required to give full faith and credit to the final judgments and decrees of the courts of sister states.

The judgment is reversed with directions that a judgment be entered awarding custody of the infant child to the appellant.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.