529 P.2d 1345 (1974)
Geraldine Marlette Little MANSON, Plaintiff-Appellant,
v.
Leonard Henry MANSON, Jr., Defendant-Appellee.
No. 74-256.
Colorado Court of Appeals, Div. III.
December 24, 1974.
*1346 Wallace McCamant, Paonia, for plaintiff-appellant.
Traylor, Palo & Cowan, Gary R. Cowan, Grand Junction, for defendant-appellee.
Selected for Official Publication.
KELLY, Judge.
Geraldine Manson appeals from an order of the trial court denying her motion for modification of visitation rights and for increased support. We affirm.
The Mansons were divorced in Louisiana in 1969. Mrs. Manson remarried and moved the Colorado with the Manson children. The father's visitation rights and the amount of child support have since been the subject of continuing dispute between the parents. In January 1974, the mother filed a motion seeking a substantial reduction in the father's visitation rights and more than twice the amount of child support which had been ordered the previous May.
This motion was heard before a different trial judge, who examined the transcript of the prior hearing, heard testimony from the mother, and interviewed the two boys. Concluding that the mother's motion was "in clear violation" of 1971 Perm.Supp., C.R.S.1963, 46-1-31, and was "premature", the trial court denied the motion.
The mother contends that the trial court erred in applying the two-year limitation in 1971 Perm.Supp., C.R.S.1963, 46-1-31, to a motion for modification of visitation rights under Colo.Sess.Laws 1973, ch. 162, 46-1-29 at 554. She argues that this misapplication of the two-year rule was the sole basis for the trial court's denial of her two-pronged motion and that the court neither considered nor ruled on the merits of her motion for increased child support.
We agree that the two-year rule in 46-1-31 does not apply to motions for modification of visitation rights under 46-1-29. However, the trial court's misinterpretation of 46-1-31 does not necessarily mandate reversal. See Klipfel v. Neill, 30 Colo.App. 428, 494 P.2d 115. Denial of the mother's motion for reduction of the father's visitation rights was not predicated solely on 46-1-31. There was a full hearing on the merits during which the trial court in no way precluded the mother from introducing whatever evidence she desired to present. The court found, as a result of that evidence, that the visitation rights previously granted would not endanger the children's physical health or significantly impair their emotional development. This was sufficient to warrant denial of that portion of the mother's motion. Colo. Sess.Laws 1973, ch. 162, 46-1-29 at 554.
We do not agree with the mother's contention that the trial court failed to rule on her motion for increased child support. The court found that there had been a previous order fixing child support and that the "facts presented at the recent hearing do not show any material change of circumstances from those at the time of the [prior] hearing . . . . " The court's conclusion that "[t]here must be evidence of a change of circumstances from the time of the previous decree to justify a change in provisions" was correct. See 1971 Perm.Supp., C.R.S.1963, 46-1-22. The court's failure to cite the applicable statute in the order does not affect its validity. See Metropolitan Industrial Bank v. Great Western Products Corp., 158 Colo. 198, 405 P.2d 944.
Judgment affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.