Judy Sharon King ROBBINS, Appellant,

v.

Charles Garnett KING, Jr., Appellee.

Court of Appeals of Kentucky.

Feb. 21, 1975.

Harlan H. Veal, Jr., Nicholasville, for appellant.

James F. Clay, Danville, for appellee.

CATINNA, Commissioner.

This is an appeal from an order modifying a custody decree and awarding Charles Garnett King, Jr., custody of his infant daughter, Julie King. Charles and Judy Sharon King (Robbins) were the parents of two children, Gary Dwane King, a son, born January 13, 1971, and Julie B. King, a daughter, born February 12, 1972. Charles filed a divorce proceeding in the Lincoln Circuit Court to which Judy filed answer and counterclaim. On July 6, 1972, a judgment was entered granting the divorce and awarding temporary custody of the two children to the mother, pending a final hearing set for September 30, 1972. On October 17, 1972, after the final hearing, the court entered a final order awarding Judy permanent custody of the two children.

On July 12, 1973, Charles filed a motion in the Lincoln Circuit Court which reads as follows:

"Petitioner moves the court to reopen the question of custody of the infant children of the parties and to award permanent custody of them to the petitioner."

The motion was not supported by affidavits or any other documentary evidence which was filed with the motion or in the record. Furthermore, the notice was served on counsel who had represented Judy during the divorce proceeding. Although no motion appears in the record, apparently Judy obtained a continuance of the hearing on the question of reopening the custody award on the ground that she was pregnant and that her confinement was imminent. On July 20, 1973, the court, on its own motion, entered an order awarding full custody of both children to the father, Charles King, Jr., pending a full hearing as to a permanent change of custody. On July 25, 1973, counsel for Judy moved that the order of the court granting custody of the children to the father be set aside. Grounds for the motion were given as follows: (1) Service on the motion to reopen was invalid in view of the fact that it had been served upon counsel who had represented Judy during the divorce proceeding, and (2) the motion was not properly before the court because

it did not comply with the procedural requirements of KRS 403.340 and KRS 403.350. This motion was overruled and the case set for hearing on the original motion to reopen of July 12, 1973. Following this hearing, the court entered a final order changing custody by the terms of which he awarded the girl to her father and the boy to the mother.

KRS 403.340 provides in part as follows:

"(1) No motion to modify a custody decree may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.

(2) If a court of this state has jurisdiction pursuant to the uniform child custody jurisdiction act, the court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior decree unless:

\* \* \* \* \* \*

(c) The child's present environment endangers seriously his physical, mental, moral, or emotional health, and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

Regarding the affidavits required, KRS 403.350 provides:

"A party seeking a temporary custody order or modification of a custody decree shall submit together with his moving papers an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. *The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.*" (Emphasis ours.)

Even the most cursory review of the record in this proceeding establishes beyond a doubt that not one of the requirements of either KRS 403.340 or KRS 403.350 was observed by Charles in the filing of his motion or by the court in setting the motion forward for a hearing. The statute unequivocally requires that the motion be denied unless the court finds that adequate cause for a hearing has been established by the affidavits. As there were no affidavits filed, the court had nothing to consider .and was therefore required to forthwith deny the motion. Cf. Day v. Day, Ky., 490 S.W.2d 483 (1973).

On the merits it appears that the trial judge gave major consideration to evidence that was inadmissible (KRS 403.340), therefore this court is persuaded that it would have been required to rule that the holding of the trial judge was clearly erroneous.

The judgment is reversed with directions that a new judgment be entered awarding the custody of the infant, Julie, to her mother, Judy Sharon King Robbins.

REED, C. J., and CLAYTON, JONES, LUKOWSKY, PALMORE and STERNBERG, JJ., sitting.

All concur.