No. 13913

IN THE SUPREME COURT OF THE STATE OF MONANA

1978

---

GARY LEE OLSON,

        Plaintiff and Appellant,

-vs-

SHIRLEY ANN OLSON,

        Defendant and Respondent.

---

Appeal from:  District Court of the Fourth Judicial District,
               Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Tipp, Hoven and Skjelset, Missoula, Montana
        Raymond P. Tipp argued, Missoula, Montana

    For Respondent:

        Balyeat and Kammerer, Missoula, Montana
        H. John Balyeat argued, Missoula, Montana

---

                    Submitted:  January 19, 1978

                      Decided:  **FEB 3 - 1978**

Filed:  **FEB 3 - 1978**

Thomas J. Kearney
                            Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by the father of three minor children from an order of the Missoula County District Court covering child custody, support and visitation rights. This order requires the father (the custodial parent) to pay $375 per month child support ($125 per month per child) during the children's periods of visitation with their mother, (the noncustodial parent) plus the children's cost of transportation to the mother's home in Everett, Washington.

The father was awarded a default divorce from the mother on September 23, 1975. The mother had been personally served with the divorce complaint in the State of Washington. The divorce decree awarded custody of the three children to the father and contained no provision for child support.

On April 6, 1976, the mother filed a motion and affidavit to set aside the default divorce decree. In her affidavit she alleged that she had been unable to obtain legal counsel to represent her in the divorce proceeding. She further alleged that the children had asked to come and live with her because their father works full time and spends additional time away from home, leaving the children in the care of the oldest child, age twelve. The mother's motion was granted with respect to opening up the child custody and support provisions of the decree. The District Court, in its order granting the motion, did not specify the basis for doing so. This order is not being appealed.

The District Court held a full hearing on child custody and support on July 19, 1976. After hearing the matter, the court ordered that the children remain in the custody of the father; that the mother have the children from June 15 to August 15 of every year, and every other Christmas vacation; that the father pay to the mother $375 per month child support when the

children are with their mother, as well as the costs of transportation for the children to the mother's home in the State of Washington. The father now appeals from this order.

The sole issue on appeal raised by the parties is whether there is sufficient evidence to support the court's order on child support.

Before addressing this issue, we must comment on the proceedings in this case. We believe that the procedure used in this case, i.e., setting aside the default divorce decree provisions relating to child custody and readjudicating this issue, could be a convenient means of circumventing the two-year prohibition against modification of custody decrees contained in section 48-339, R.C.M. 1947. Both counsel agree that this could be the effect of the procedure used in this case, but deny any intent to circumvent the two-year prohibition on modification of child custody decrees. At oral argument both counsel stated that the default decree was set aside for excusable neglect on the part of the mother in responding to the divorce action.

Montana law provides that a party, by motion, may seek relief from a judgment by having it set aside. A judgment can be set aside because of excusable neglect on the part of the party seeking relief. Rule 60(b)(1), M.R.Civ.P. However, Rule 60(b), M.R.Civ.P., provides that when the party seeking relief was personally served, the motion for relief on the grounds of excusable neglect must be made within sixty days of entry of the judgment. In this case the motion by the mother was filed approximately six months after the default decree was entered. Thus, the decree should not have been set aside for excusable neglect when the motion was not made within the time limits of Rule 60(b).

Section 48-339, R.C.M. 1947, is the modification statute. It provides in pertinent part:

- 2 -

"Modification. (1) No motion to modify a custody
decree may be made earlier than two (2) years
after its date, unless the court permits it to
be made on the basis of affidavits that there is
reason to believe the child's present environment
may endanger seriously his physical, mental, moral,
or emotional health."

In interpreting this section, we have held that subsection (1)
is a jurisdictional prerequisite to a modification action. Holm
v. Holm, (1977), ____Mont.____, 560 P.2d 905, 34 St.Rep. 118.
There it was held that the District Court lacked jurisdiction to
change custody within two years of the original award when it
specifically found that the custodian was a fit and proper parent.
A similar finding was made in this case. The District Court
found that both the mother and father were fit to be awarded
custody. That finding alone establishes a lack of jurisdiction
in the District Court to set aside or modify the divorce decree
in regard to custody.

We have adopted the rationale behind section 48-339, R.C.M.
1947. Holm v. Holm, supra. The purpose of this section is to
provide a degree of stability to custody awards. This stability
best serves the welfare of the children, whereas continuous and
uninterrupted wrangling over who the custodian will be does not.

We do note that there is an exception in section 48-339
to the two-year limitation. This exception, however, is not to
be liberally applied. The comment of the committee, which acted
for the National Conference of Commissioners on Uniform State
Laws in promulgating the Uniform Marriage and Divorce Act, best
expresses how the exception is to be applied:

" * * * During that two-year period, a contestant
can get a hearing only if he can make an initial
showing, by affidavit only, that there is some
greater urgency for the change than that the child's
best interest' requires it. During the two-year
period the judge should deny a motion to modify,
without a hearing, unless the moving party carried
the onerous burden of showing that the child's
present environment may endanger his physical,
mental, moral or emotional health." 9 U.L.A.
Matr., Fam., & Health Law, §409.

- 3 -

The mother, in this case, did not make this required showing by affidavit.

It may be argued that the District Court modified the mother's visitation rights rather than the custody award and section 48-339 should have no application. The basis of this argument would be that the mother, in the original decree, had reasonable visitation rights, and under the order of the District Court those visitation rights have been modified to the period between June 15 to August 15 of every year. We remain unconvinced.

In Colorado where the Uniform Marriage and Divorce Act is in effect, it has been held that the two-year prohibition on motions to modify custody does not apply to motions for modification of visitation rights. Manson v. Manson, 35 Colo.App. 144, 529 P.2d 1345. We do not disagree with this rule. However, it is our opinion that here the District Court, in effect, modified the original custody decree by allowing the mother to have the children from June 15 to August 15 of each year. In the original decree the father had custody twelve months of the year. Under the order on appeal the father will have custody ten months of the year and the mother two months. Labeling this "visitation" does not change its substance which is "custody".

Turning to the issue of child support, the relevant statutory provision is section 48-323, R.C.M. 1947. It reads:

> "Child support. In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
>
> "(1) the financial resources of the child;
>
> "(2) the financial resources of the custodial parent;
>
> "(3) the standard of living the child would have enjoyed had the marriage not been dissolved;

- 4 -

"(4) the physical and emotional condition of the child, and his educational needs; and

"(5) the financial resources and needs of the noncustodial parent."

On appeal the father argues that there has been no compliance with this statute. He contends that there was insufficient evidence at the hearing concerning the financial resources of the custodial parent, the financial resources of the noncustodial parent, and the financial resources of the children, if any. The mother contends that the statute on child support was complied with and there is sufficient evidence to support an award of child support to her.

The evidence presented at trial concerning child support is as follows: The father has worked at Buttrey's for 15 years as a meat cutter which he describes as a "good job". The father has a mobile home which was awarded to him in the original decree. He owns a boat and camper with which he often goes fishing. In his exceptions to the findings of fact and conclusions of law, the father stated that his take home pay was approximately $600 per month although there was no testimony to this effect at the hearing. The mother works as a receptionist for a group of physicians and receives a $630 per month salary for a 40 hour week. She and her roommate rent a four bedroom house for $125 per month. She testified that if she were given custody, she would be able to support the children without any support money from their father.

We hold that the evidence is insufficient to justify the District Court's order on child support and that the statutory requirements of section 48-323 have not been met.

In Berthiaume v. Berthiaume, (1977), ____Mont.____, 567 P.2d 1388, 34 St.Rep. 921, we held that the District Court abused its discretion in making and ordering an alleged equal division and distribution of marital property without any testimony as to

- 5 -

the value of the property.  This rationale is equally applicable here.

The District Court, in ordering the father to pay the mother $375 per month child support, had no evidence as to the monthly income of the father.  The court had no evidence as to his monthly expenses.  The court had no evidence as to how much money was necessary to meet the children's needs.  There was no evidence as to what the children's financial resources were, if any.  In short, the District Court could not, with the evidence before it, determine if its child support award was reasonable, excessive, or inadequate.

In Herrin v. Herrin, (1936), 103 Mont. 469, 63 P.2d 137, this Court held that there was insufficient evidence to support a judgment granting the wife separate maintenance when there was no evidence as to the husband's financial condition or earning capacity.  The court said that the imposition of an obligation to pay maintenance was unwarranted in the absence of a showing of an ability to pay.  We hold that imposing an obligation to pay child support without any evidence of an ability to pay is unwarranted.

The order of the District Court modifying the child custody, child support and visitation rights established in the original divorce decree is  vacated.  The provisions of the original divorce decree are reinstated.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 6 -