*In re* CUSTODY OF ROBIN MUELLER.—(ROBERT R. MUELLER, Petitioner-Appellant, *v.* JOAN M. WEIS, Respondent-Appellee.)

Fifth District   No. 78-506

Opinion filed September 20, 1979.

Zimmer & Frierdich, of Columbia, for appellant.

Crowder & Associates, Ltd., of Columbia (Mark C. Scoggins, of counsel), for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

■■ This is a case of first impression in Illinois in which a single issue is presented on appeal. An order had been entered allowing removal of minor children to a foreign jurisdiction by the parent with custody. The order also granted modification of the other parent's visitation rights. The issue is whether that order constitutes a "custody judgment" under section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(a)) (hereinafter the Act). We hold that it does not.

Section 610(a), the custody modification portion of the Act, provides:
   "(a) No motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the

child's present environment may endanger seriously his physical, mental, moral or emotional health."

The marriage of the parties to this appeal was dissolved on December 14, 1970. At that time the mother, Joan Mueller, later to become Joan Weis, obtained custody of the two minor children, Robin and Rodney. After the mother remarried, she petitioned the court for leave to remove the two children from Illinois to Nevada where she and her husband were employed. Such leave was granted on January 12, 1977, in an order which provided as well for a modification of the visitation schedule of the father, Robert Mueller. At no time during the proceedings was the court asked to consider a change in custody from the mother to any other person. In the order the court specified that there was "no dispute as to the continued fitness of the [mother] to have custody of the said minor children." Approximately 18 months later, on August 4, 1978, as a result of Robin's wish to live with her father and to have custody placed in him, her father petitioned the court for a change in Robin's custody from her mother to himself. Her·mother then moved for dismissal of the change of custody petition because less than two years had elapsed since the court's last order relating to "custody and visitation as to Robin Mueller" and because the father had submitted no affidavits attesting present danger to Robin's physical, mental, moral or emotional health. That motion to dismiss was granted and this appeal followed.

Although an Illinois court has never been called upon to decide the issue presented here, two jurisdictions which, like Illinois, have adopted the Uniform Marriage and Divorce Act and its two-year rule for custody modification have decided essentially the question before us today. Both the Supreme Court of Montana and a Colorado Court of Appeals have held that the two-year prohibition on motions for modification of custody is not invoked by motions for modification of visitation rights. The Colorado court in *Manson v. Manson* (1974), 35 Colo. App. 144, 529 P.2d 1345, was the first so to rule. Thereafter the Montana court decided similarly in *Ronchetto v. Ronchetto* (Mont. 1977), 567 P.2d 456, 457, and found that the proceeding in dispute "dealt only with clarification of plaintiff's visitation rights and not with child custody." The following year in *Olson v. Olson* (Mont. 1978), 574 P.2d 1004, the Montana court considered again the application of the two-year rule to motions for modification of visitation rights and came to the same conclusion in express agreement with the *Manson* decision, this time finding that the lower court had in fact modified the original custody judgment within the two-year period. The court cautioned that "[l]abeling this 'visitation' does not change its substance which is 'custody.' " 574 P.2d 1004, 1007.

■■ We agree with the Montana and Colorado decisions and note particularly the need to determine the substance of the prior court

proceedings. Here, although the mother describes the order of January 12, 1977, as one relating to "custody and visitation," the order on its face deals with removal and visitation and not at all with custody. The custody judgment sought to be modified in this case was entered on December 14, 1970, as the original award of custody, more than seven years before the filing of the petition to modify custody here at issue.

The Montana and Colorado courts were asked to apply the two-year custody modification rule only to motions for modification of visitation rights and not, as we have been asked to do, to a motion for removal as well. Since the two-year limitation applies to custody modification and since removal is no more a matter of custody than is modification of visitation rights, we see no reason to apply the two-year prohibition to removal petitions. The legislature chose not to impose such a prohibition in either the provision of the Act governing modification of visitation rights (Ill. Rev. Stat. 1977, ch. 40, par. 607) or the provision governing leave to remove minor children from Illinois (Ill. Rev. Stat. 1977, ch. 40, par. 609).

For the foregoing reasons the order of the circuit court dismissing the petition for change of custody is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

KARNS and KASSERMAN, JJ., concur.