*In re* MARRIAGE OF MADELYN T. BRAJE, Petitioner-Appellant, and THOMAS M. BRAJE, Respondent-Appellee.

Second District   No. 79-656

Opinion filed July 10, 1980.

Peter Bianco, Jr., of Bianco & Szygowski, of Chicago, for appellant.

Craig V. Braje and Nancy H. Spak, both of Braje & Pawloski, of Michigan City, Indiana, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal by Madelyn Braje from an order of the circuit court of McHenry County which awarded custody of two minor children to Thomas Braje.

On June 26, 1979, a judgment for dissolution of marriage was entered in favor of Madelyn and Thomas Braje. Pursuant to the marital settlement

agreement, incorporated by reference into the dissolution judgment, Madelyn Braje was awarded sole care, custody and control of education of the couple's minor children, Kimberly, age 9, and Brian, age 7.

On August 30, 1979, Madelyn Braje filed an emergency petition alleging that Thomas Braje had absconded with the minor children and refused to return them to their mother. Mrs. Braje prayed for a rule to show cause why Mr. Braje should not be held in contempt of court for his willful refusal to comply with the court's previous custody order.

On August 31, 1979, Thomas Braje filed an emergency petition for a modification of judgment, seeking a transfer of custody of the minor children to him, and charging the mother with lack of supervision over the minor children. Mr. Braje attached an affidavit to the emergency petition in which he alleged, *inter alia*, that the minor children had been left at home alone on numerous occasions since the date of the divorce decree; he further stated that Brian, the seven-year-old, is retarded.

After hearing testimony of the parties and one witness, the trial court held that Mr. Braje was in contempt of court for failure to return the children and assessed a $100 fine against him. Further, the court determined that the custody of the minor children should be temporarily changed from Mrs. Braje to Mr. Braje, and such custody should be reviewed six months from the date of the order. Pursuant to section 610(b)(3) of the Illinois Marriage and Dissolution of Marriage Act, the trial court determined that the minor children's present environment endangered seriously the children's physical, mental, and emotional health and the harm likely to be caused by a change of environment was outweighed by its advantages to the children. (Ill. Rev. Stat. 1979, ch. 40, par. 610(b)(3).) On October 16, 1979, the trial court denied Mrs. Braje's motion to reconsider and vacate its previous order. This appeal followed.

Mrs. Braje's sole contention on appeal is that the trial court lacked jurisdiction to modify its previous custody order. She maintains that section 610(a) of the Illinois Marriage and Dissolution of Marriage Act requires that a petitioner for modification of custody submit at least two affidavits in support of such request, and that, as Mr. Braje submitted only one such affidavit, the court lacked jurisdiction to enter its August 31 order.

Section 610(a) (Ill. Rev. Stat. 1979, ch. 40, par. 610(a)) provides that:
"No motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health."
Mrs. Braje contends that the use of the plural "affidavits" in the statute indicates that more than one affidavit must be submitted to the court

and that such a requirement is jurisdictional. In *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499, the supreme court held that a trial court, in determining whether custody should be modified on the basis of a change in circumstances of the child or his custodian, must make explicit findings of fact pursuant to section 610(b)(1), (2) or (3) of the Illinois Marriage and Dissolution of Marriage Act, and that such findings are "indispensable requirements" of the statute. In explanation of its decision, the supreme court referred to the policy inherent in section 610:

> "We believe that section 610(b) of the Illinois Marriage and Dissolution of Marriage Act, like section 409(b) of the uniform act, reflects an underlying policy favoring the finality of child-custody judgments, and making their modification more difficult. The policy evident in the commissioners' notes is also apparent in the provision of section 610(a) that '[n]o motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.' " (77 Ill. 2d 414, 420-21, 396 N.E.2d 499, 502.)

Mrs. Braje argues that the court's reference to section 610(a) indicates that the court believed that the requirements of section 610(a), as well as those of section 610(b), are jurisdictional prerequisites to a modification of custody within two years after the original custody order.

Even if the *Harne* court held that specific findings pursuant to subsection 610(b) were mandatory and "jurisdictional" prerequisites for custody modification, that decision did not hold that the procedural filing requirement of section 610(a) were jurisdictional necessities. In *Sexton v. Sexton* (1980), 82 Ill. App. 3d 482, 402 N.E.2d 889, however, the Third District recently did hold that "the provisions requiring leave of the trial court based upon proper affidavits set forth in section 610(a) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(a)) [are] * * * mandatory and jurisdictional." (*Sexton*, 82 Ill. App. 3d 482, 484, 402 N.E.2d 889, 891.) The *Sexton* court relied on *Harne* in concluding that the trial court did not have jurisdiction to modify a previous custody order. However, in *Sexton*, the petitioner failed to file *any* affidavits in support of his request for a custody change, and also failed to file a motion for leave to file a petition to modify the previous custody order as apparently required by the statute. The court found that section 610(a)'s two-year limitation period should not be ignored in the absence of a motion accompanied by affidavits in compliance with the statute.

■■ Section 610(b) sets out standards for determining whether a change

of custody is warranted. A requirement for specific findings by the trial court was imposed in order to insure continuity and stability in custody situations, as well as to aid courts of review in determining the trial court's basis for a modification order. (*Harne*, at 421.) Section 610(a), on the other hand, deals with emergency custody modifications and allows such modifications as permitted by a court on the basis of "affidavits" regarding the child's environment. A requirement of two or more affidavits, as opposed to one, in support of a modification request would not seem to significantly further the continuity and stability goals as expressed by the *Harne* court. That court's mention of section 610(a) most probably referred to the two-year limitation period for changes of custody which would indeed promote the substantial goals of·stability and continuity in custodial situations. The filing of affidavits, and their number, however, is purely a procedural matter.

In addition, the fact that the trial court must hold an evidentiary hearing at which it will be determined, on the basis of the evidence presented regarding the child's situation, whether modification of a custody order is necessary, lends credence to the view that the absence of affidavits should not be fatal to a request for a custody modification.

■■ ■ Furthermore, we do not believe that the use of the plural "affidavits" in the statute would necessitate a filing of two or more such affidavits. Section 1.03 of the Illinois statutes on statutory construction provides:

> "Words importing the singular number may extend and be applied to several persons or things and words importing the plural number may include the singular." (Ill. Rev. Stat. 1977, ch. 131, par. 1.03; see also 2A Sutherland, Statutes and Statutory Construction §47.34, at 160 (4th ed. Sands 1973).)

Consequently, the plural "affidavits" may very well include the singular "affidavit" by virtue of the common rules of statutory construction.

Moreover, a review of the few cases which have dealt with section 610(a) reveals that the filing of a single affidavit by a petitioner has been deemed sufficient to comply with the statute. (See *In re Marriage of Swift* (1979), 76 Ill. App. 3d 154, 394 N.E.2d 923; *In re Marriage of Farris* (1979), 69 Ill. App. 3d 1042, 388 N.E.2d 232.) It seems evident that the intent of the statute is not circumvented by the filing of one rather than two or more affidavits.

Section 610(a) was extracted verbatim from section 409(a) of the Uniform Marriage and Divorce Act; section 410 of the Uniform Act elaborates on the procedure for filing a modification petition, stating as follows:

> "A party seeking a temporary custody order or modification of a custody decree shall submit together with his moving papers an

affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavit, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted." (9A Uniform Laws Annotated 216 (1979).)

It thus appears that the term "affidavits." as used in both section 409 of the Uniform Act and section 610 of the Illinois act was meant to refer to several affidavits of both parties and does not indicate that a petitioner must file two or more affidavits.

■ We therefore conclude that the provisions of section 610(a), at least with regard to its reference to "affidavits," are not jurisdictional prerequisites; we thus disagree with *Sexton* if that decision is intended to hold that a failure to file more than one affidavit is fatal to a request for modification of a custody order.

■■ It further appears that, if, as we have determined, failure to file more than one affidavit is not a jurisdictional defect, Mrs. Braje has waived any objections on that ground by her failure to object before the trial court. The only objection at the hearing regarding the affidavit was as to its sufficiency and lack of specificity. Mrs. Braje's objections to the number of affidavits filed may be deemed to have been waived.

For the reasons stated, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.