No. 79-90

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN RE THE MARRIAGE OF
HENRY DENNIS BENJAMIN,

Petitioner and Respondent,

-vs-

KAREN RUTH BENJAMIN,

Respondent and Appellant.

Appeal from:  District Court of the Third Judicial District,
In and for the County of Powell, The Honorable
James McClernan, Judge presiding.

Counsel of Record:

For Appellant:

Greg J. Skakles, Anaconda, Montana

For Respondent:

Daniels and Mizner, Deer Lodge, Montana

Submitted on Briefs:  July 8, 1980

Decided:  AUG 13 1980

Filed:  AUG 13 1980

_Thomas J. Kearney_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appeal is from the judgment of the District Court, Third Judicial District, Powell County, in the dissolution of the marriage between Harry and Karen Benjamin. Appellant Karen Benjamin requests review by this Court of the division of marital assets made by the District Court and of the amount of child support ordered to be paid to her as custodial parent.

The issue is whether the evidence is sufficient to justify the findings of the District Court and its conclusions in the division of the marital property, and the award of $200 monthly child support to Karen Benjamin. We determine that the evidence justifies the District Court's division of the marital property, but that the amount of child support to be paid to Karen Benjamin must again be reviewed by the District Court.

Harry and Karen Benjamin were married on November 21, 1962 in Deer Lodge, Montana. Two children were born of the marriage--Brian, born in 1965 and Kari, born in 1969. Harry Benjamin is employed as a welder-fitter, earning approximately $18,000 annually. Karen Benjamin is employed as a secretary earning approximately $9,000. They entered into their marriage with very few assets. They separated in February 1979. When they separated, their major assets included a home, a pickup and camper, an automobile, shop tools and two snowmobiles. They had no savings account except for their respective interests in employment savings and retirement accounts maintained by their respective employers. They were making monthly payments on most of their property. During their separation, Karen Benjamin lived with the Benjamin children in the family home. Harry Benjamin lived in the camper.

The parties agreed that Karen Benjamin should have custody of the children and that Harry Benjamin should have reasonable rights to visitation. They were unable to agree on a division of their property or to the amount of child support.

The District Court found the values of the personal property of the parties, determined the amounts owing on those personal properties and required the husband to pay outstanding debts, with the result that the net value of the personal property to Karen Benjamin as distributed to her amounted to $3,800, and as to Harry Benjamin, $4,310. The court ordered that each of the parties retain the benefits of their own employment savings and retirement accounts, gave the household furnishings necessary to maintain the home to the wife, and allowed the husband to keep his personal mechanical tools.

As to the real property, the court found that the home had a value at the time of separation of $52,500, in which their equity was $32,500. The District Court made provisions that the wife, if she desired, keep and maintain the family home and pay the remaining mortgage indebtedness on it. When the youngest child reaches majority, the house would be sold and the petitioner would be entitled to one-half of the equity or $16,250. The court further provided in the alternative, that the house could be sold as soon as possible and the net proceeds split equally between the parties. The court further gave the wife the option to purchase the husband's property at a total value of $52,500.

We find that the division of the marital property by the District Court is fair and equitable under the circumstances, that it takes into account the needs of the wife and children, and meets the criteria of section 40-4-202, MCA, respecting the disposition of marital property.

-3-

The amount of child support awarded by the District Court must again be reviewed however, because it appears that the evidence on which the court relied to determine the husband's income was not properly interpreted during the trial.

The husband did not introduce, and apparently was not required to introduce, copies of his income tax returns which would reflect his yearly earnings. Instead, the husband offered his exhibit no. 1, consisting of two payroll deduction stubs. These show that as of July 15, 1979, he had earned to date $8,525.24 which was subject to deductions of $923.89. As of August 5, 1979, he had earned to date $9,366.93 which was subject to deductions of $987.18. From those figures, we deduce that the husband's monthly take-home pay averaged $1,170 per month. The husband's counsel elicited from the husband, while he was testifying, that exhibit no. 1 reflected a net take-home pay per month of $962.91, which testimony went unchallenged when it was received. The District Court, in its findings, adopted this testimony and determined that the husband had a net take-home pay of $962.00, fixed monthly payments of $711.08 and living expenses of $332.00 which of course, would place the husband in a minus income position.

However, if the payroll stubs reflect accurately the monthly and yearly income of the husband, he was earning at least $200 per month more than the amount found by the court. In addition, the court, by its order, transferred to the wife the obligation to pay the mortgage payments, which would amount to $275.77 per month. Thus, the husband's fixed monthly payments should have been reduced by that sum. Instead, the District Court included that sum in the fixed monthly payments of $711.08.

-4-

The evidence therefore is insufficient to justify the amount of child support. The wife claimed that the sum of $250 per month per child would be necessary in order for her properly to support the children.

Under Rule 52(a), M.R.Civ.P., the findings of a District Court must stand unless clearly erroneous. When the District Court's findings of the husband's income is contradictory to the evidence in the case or based on an erroneous interpretation of that evidence, the situation is no different than where a District Court requires monthly child support without any evidence of the father's monthly income. See Olson v. Olson (1978), ___ Mont. ___, 574 P.2d 1004, 35 St.Rep. 175. The child support must be reviewed by the District Court in light of the true income of the husband, under the criteria set forth in section 40-4-204, MCA.

One other observation is needed. It is the duty of counsel representing parties in marital dissolution disputes to be fully prepared at the time of trial so that the court may have before it accurate information from which to make a decision. Most of the appeals reaching this Court from marital dissolution cases, including this case, have not had the advantage of a pretrial conference. It behooves counsel in that situation to meet before the trial, exchange exhibits and full information about income and expenses of the parties, and otherwise prepare in order to save the time of the already overburdened District Courts engaged in the trial of cases. Such pretrial preparation and cooperation between counsel would avoid the misinterpretation of monthly income that occurred here, and the admission into evidence of income and expense summaries that were obviously prepared in a hurry, and for which the underlying documents were not

-5-

available to counsel. The objections made to the summaries in this case on the basis that no underlying documents were made available to opposing counsel should have been sustained. Rule 1006, M.R.Evid. Such pretrial preparation will save the time of counsel and of the courts and a good deal of expense for the litigants.

Marital dissolution cases are a headache for the courts and are sometimes second-rated by counsel who take on such cases. For the married individuals and the children involved, however, the consequences can be most grave. The courts, including this Court, owe such litigants patient consideration, and their counsel owe them their ablest representation, in order that the fairest possible results in each case be achieved.

The marital property disposition ordered by the District Court is affirmed. The matter of child support is remanded to the District Court for reconsideration.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-