No. 13637

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

RONALD M. RONCHETTO,

                Plaintiff and Respondent,

-vs-

SUSAN KAY RONCHETTO et al.,

                Defendant and Appellant.

---

Appeal from: District Court of the Second Judicial District,
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellant:

Jardine & McCarthy, Whitehall, Montana
Jack McCarthy argued, Whitehall, Montana

For Respondent:

Corette, Smith and Dean, Butte, Montana
Dolphy O. Pohlman, Jr. argued, Butte, Montana

---

Submitted: June 2, 1977

Decided: AUG - 5 1977

Filed: AUG - 5 1977

*Thomas J. Kearney*

———————————————————————
                     Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

Defendant appeals from an order of the district court, Silver Bow County, modifying her divorce decree with plaintiff and awarding permanent legal custody of their daughter to plaintiff.

Defendant, Susan Ronchetto, a/k/a Susan Tavares, and plaintiff, Ronald Ronchetto, were divorced on May 5, 1970 in the state of Nevada. The Nevada court placed Julie Ronchetto, the couple's minor child, in the custody of her mother and gave her father reasonable rights of visitation. Shortly after her divorce from plaintiff, defendant married David Tavares. Defendant subsequently divorced David Tavares and later married and divorced another man.

On October 18, 1974, plaintiff filed an action against defendant in district court, Jefferson County, the county in which defendant at that time resided. Plaintiff, in his complaint, alleged that defendant had refused to allow him to visit with their daughter, Julie, and requested the court to modify the divorce decree to protect plaintiff's visitation rights. Plaintiff and defendant settled the visitation dispute out of court and, on December 30, 1974, stipulated that the court action be dismissed with prejudice.

On July 12, 1976, plaintiff filed a petition in the district court, Silver Bow County, asking for a temporary restraining order and a temporary custody order. Plaintiff requested the court to order defendant to relinquish temporary custody of the minor child, Julie Ronchetto, and to restrain defendant from molesting the child. Plaintiff requested that the court order that temporary custody of the child, pending a full hearing, be placed in plaintiff and his wife. The court issued the temporary custody and temporary restraining orders in reliance upon statements in plaintiff's affidavit that defendant had on occasion

abandoned and abused the child. At the time plaintiff filed this action, plaintiff, defendant and the child were residents of Silver Bow County.

The district court held a nonjury hearing on July 19, 1977, to determine if the divorce decree should be modified so as to transfer permanent custody of the parties' minor child, Julie Ronchetto, from defendant to plaintiff and his wife. Several witnesses were called for both plaintiff and defendant. After the hearing, the judge ordered the Department of Social and Rehabilitation Services (SRS) to conduct an investigation into the welfare of Julie Ronchetto. On the basis of both the testimony at the hearing and the statements in the SRS investigative report, the court ordered that the divorce decree be modified to give permanent legal custody of Julie Ronchetto to plaintiff and his wife.

Defendant raises two issues in her appeal from the district court's order:

1. Was proper jurisdiction and venue to hear this case vested in the district court, Silver Bow County?

2. Did the district court err in granting plaintiff the permanent custody of the parties' minor child, based on the testimony at the hearing and the statements in the SRS investigative report?

Defendant first asserts that the district court, Silver Bow County, was without jurisdiction to order that Julie Ronchetto's permanent legal custody be taken from defendant and given to plaintiff. Defendant maintains that because plaintiff's petition to modify the divorce decree was dismissed with prejudice on December 30, 1974, the court was precluded, under section 48-339, R.C.M. 1947, from modifying the custody decree until at least two years after the dismissal with prejudice. Because

- 3 -

plaintiff instituted this custody proceeding on July 12, 1976, less than two years after the previous court action, defendant claims the court had no jurisdiction to change custody.

Section 48-339(1), R.C.M. 1947, provides:

"No motion to modify a custody decree may be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral, or emotional health."

Section 48-339(1) therefore prohibits modification of a custody decree which has been issued or modified within the two previous years. The prior district court action cited by defendant dealt only with clarification of plaintiff's visitation rights and not with child custody. The last child custody order for Julie Ronchetto, prior to this action, was contained in the divorce decree of May 5, 1970. The petition to modify child custody that is the subject of appeal in this case was filed by plaintiff on July 12, 1976, more than six years after the prior custody order. Section 48-339(1), therefore, did not prevent the district court from modifying the child custody provision of the parties' divorce decree. The district court, Silver Bow County, had jurisdiction under section 48-331(1)(a)(i), R.C.M. 1947, to modify Julie Ronchetto's custody, because Montana was the home state of the child at the time the action was commenced.

Venue of the case was properly in Silver Bow County. Section 93-2904, R.C.M. 1947, provides that actions such as the one involved in this case "shall be tried in the county in which the defendants * * * may reside at the commencement of the action * * *." Defendant, at the time plaintiff filed his petition, was a resident of Silver Bow County.

While defendant's claim that the district court did not exercise proper jurisdiction or venue is without merit, we must

- 4 -

sustain defendant's assertion that custody of Julie Ronchetto was improperly taken from defendant on the basis of the evidence presented.

After the July 12, 1976 custody hearing, the district judge ordered SRS to investigate the welfare of Julie Ronchetto and to prepare the court a report of the investigation. The district judge did not issue his custody order until "after reviewing the investigative report". The out of court statements of the SRS workers, which were contained in their investigative report constitute hearsay evidence. This Court recently held that consideration of investigation reports in a child custody case, without requiring the authors to testify at a hearing, constitutes reversible error. In re Declaring Swan Children Youths in Need of Care, ____Mont.____, ____P.2d____, 34 St.Rep. 390 (1977). To satisfy the due process rights of the custodial parent and to accurately assess the best interests of the minor child, the trial judge must require " * * * the authors of the report to testify at a hearing and be subject to cross-examination" before he may consider the statements in the report. In re Moyer Children, ____Mont.____, ____P.2d____, 34 St.Rep. 682 (1977).

This case is, therefore, remanded to the trial court for the purpose of conducting another permanent custody hearing. To modify the custody award, the judge must find that, since the 1970 divorce decree, a change has occurred in the circumstances of the child or defendant and that modification is necessary to serve the child's best interests. Section 48-339, R.C.M. 1947. The trial court must determine the fitness of both parents, plaintiff and defendant, and not just the fitness of defendant. Love v. Love, 166 Mont. 303, 533 P.2d 280. The court must consider the wishes of the child as to her custodian. Section 48-332(2), R.C.M. 1947. The court may interview the child

- 5 -

in chambers to ascertain her wishes, because the child's wishes as to who should be her custodian may be highly probative of her best interests and may have a substantial effect on her emotional development with her custodial parent. See Hurly v. Hurly, 147 Mont. 118, 411 P.2d 359. If it grants such an interview, the court must "cause a record of the interview to be made and to be part of the record of the case." Section 48-334(1), R.C.M. 1947.

The court must determine the best interests of the child in accordance with the facts as they exist at the time of the new hearing. If defendant can now provide a more stable home environment than she could have provided at the time of the initial custody modification hearing, the trial court must consider this factor on rehearing. Finally, if the trial judge considers an investigative report in his custody decision, the court must mail the report to defendant's counsel at least ten days prior to the hearing, and afford defendant the privilege of cross-examining the authors of the report at the hearing. Section 48-335(3), R.C.M. 1947.

The judgment of the district court is reversed and remanded for rehearing in accordance with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 6 -