No. 13617

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

———— ————

BONNIE GEBHARDT LEE,

Plaintiff and Respondent,

-vs-

GARY B. GEBHARDT,

Defendant and Appellant.

————————

Appeal from:   District Court of the Eighteenth Judicial District,
               Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        William E. Gilbert argued, Bozeman, Montana

    For Respondent:

        Berg, Angel, Andriolo & Morgan, Bozeman, Montana
        Gregory O. Morgan argued, Bozeman, Montana

————————————

                        Submitted:   April 19, 1977

                        Decided: AUG - 8 1977

Filed:

*Thomas J. Kearney*
                                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order of the district court, Gallatin County, awarding custody of minor children to Bonnie Gebhardt Lee and restricting the visitation rights of Gary Gebhardt.

Gary and Bonnie Gebhardt were married July 2, 1965. Two children were the issue of this marriage: Shawn, age 8 and Shannon, age 10, at the time of the October 22, 1976, modification. Bonnie filed an action for divorce on September 8, 1972. The decree was entered January 8, 1973, providing that custody of the children be awarded to her, subject to "reasonable rights of visitation" by their father, Gary.

On August 1, 1973, Bonnie petitioned the court for an order to modify the divorce decree to increase child support to $400 a month, from $50 per child or $100 per month, as provided in the divorce decree. Hearing was set for September 17, 1973. On September 13, 1973, the father responded to the petition for modification and filed a petition to modify the decree to take custody in himself. Pursuant to the petition for modification filed for the mother, an agreement and stipulation was entered into between the parties on November 20, 1973, increasing support as requested by Bonnie, and specifying visitation to Gary, the father, to include every weekend, alternate holidays, and a period of temporary custody of two months during the summer months.

On May 16, 1974, Gary filed a petition for modification of the divorce decree, seeking full and complete custody of the minor children. This petition was not pursued due to the mother's remarriage.

On August 20, 1976, Gary filed a petition for modification of the decree for full and complete custody. A hearing was held and subsequently on October 15, 1976, the district court entered findings of fact and conclusions of law that there was no material change of

circumstances, sufficient to warrant modification of the decree. Further, it was in the best interest of the children that the decree be modified to limit the father's visitation rights to one weekend per month and one month in the summer.

Gary, the father, appeals the order of the court and presents two issues for this Court's review:

(1) Whether the trial judge abused his discretion in failing to modify the decree of divorce to award custody of the minor children to the father?

(2) Whether the trial judge abused his discretion in modifying the decree to limit the father's visitation to one weekend per month and one month during the summer?

The applicable law in Montana governing modification of a divorce decree is section 48-339, R.C.M. 1947. The father claimed custody should be given to him under section 48-339(2)(b)(c), which states:

"(1) * * *

"(2) The court shall not modify a prior custody decree unless it finds upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior decree unless:

"(a) * * *

"(b) the child has been integrated into the family of the petitioner with consent of the custodian; or

"(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health, and the harm likely to be caused by a change of environment is outweighed by its advantages to him.

"(3) * * *."

The father contends the children have been integrated into his family with the consent of the mother. This contention is unsup-

-3-

ported by the facts. The district court found as a result of the visitation schedule, the children were required to be split between two environments with separate homes, separate clothes and separate fathers for each home. The mother has been required to perform all the duties of seeing to the children's education, feeding, and care during the weekdays when the entire family is occupied with the daily task of making a living. As a result of the visitation schedule the mother is deprived of the opportunity of enjoying the weekend periods with her children, when the pace is relaxed. The record shows the mother consented to the schedule to provide her children with their needs, including visitation with their father. Therefore it appears there has been no integration into the family of petitioner-father and certainly not with the consent of their custodian-mother.

The father further alleges that section 48-339(2)(c), applies in this case, but he does not allege the mother's home is an unwholesome environment for the children, but rather that the mother shows little, if any, interest in the children. It is admitted the two children are left alone after school for a period of two hours during the day, however, there is no evidence this adversely affects their welfare or severely endangers their physical, mental, moral, or emotional health.

The record indicates and the trial judge in his findings of fact found, that the mother and her present husband both express a desire and need for an expanded opportunity to spend time with the children. We find no evidence from which the court could determine, as required by section 48-339(2), that a change has occurred in the circumstances of the children or their custodian requiring modification.

This Court is committed to the view that the welfare of the child is the paramount consideration in awarding custody and it must, of necessity, be left largely to the discretion of the trial

judge. He hears the testimony, sees the witnesses' demeanor and has an advantage in determining these difficult problems and we will not disturb the custody decision unless a clear abuse of discretion by the trial court is demonstrated. Brooks v. Brooks, _____Mont. _____, 556 P.2d 901, 33 St.Rep. 1114.

It is argued the district court abused its discretion in modifying the divorce decree to limit the father's visitation to one weekend per month and one month during the summer. Section 48-337(2), R.C.M. 1947, states:

> "The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health."

The district court in its findings of fact determined the weekly visitation by the children to their father's home has prevented the mother and her husband a full opportunity to see to the mental, emotional and religious growth of the children during a period when they are not occupied with school activities.

From its findings the court concluded the best interest of the children will be served by a single custodian whose duty it is to consistently oversee and participate in the development of the children. Therefore the court found it necessary to modify the November 20, 1973 order.

Section 48-339(3), R.C.M. 1947, provides that attorney fees and costs shall be assessed against a party seeking modification if the court finds the modification action is vexatious and constitutes harassment. Here, the father's modification petition lacked sufficient merit to prevail, but could hardly be considered vexatious or harassing. The request for attorney fees is denied.

Judgment of the district court is affirmed.

_____
                Justice

-5-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices