No. 13784

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

LINDA SUE (SAGER) SCHIELE,

        Petitioner and Appellant,

-vs-

ROBERT L. SAGER,

        Respondent and Respondent.

---

Appeal from:  District Court of the Fourth Judicial
            District,
            Honorable Jack L. Green, Judge presiding.

Counsel of record:

    For Appellant:

        Christian, McCurdy, Ingraham and Wold, Polson,
         Montana
        Donald K. Peterson argued, Polson, Montana

    For Respondent:

        Tipp and Hoven, Missoula, Montana
        Douglas G. Skjelset argued, Missoula, Montana

---

Submitted:  September 12, 1977

Decided: **NOV 16 1977**

Filed: **NOV 16 1977**

*Thomas J. Kearney*
                 Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

Petitioner appeals from the final judgment of the District Court, Lake County, granting respondent's petition for modification of the parties' decree of divorce and awarding respondent the care, custody and control of the parties' two minor children.

Petitioner and respondent were married at Kalispell, Montana, on June 27, 1968. Their marriage was dissolved by decree of divorce dated March 28, 1973, in the District Court, Lake County. Pursuant to stipulation of the parties the general care, custody and control of the parties' minor children, Richard Lee Sager, age 8 and Sherrie Sue Sager, age 5, was awarded to their mother, the petitioner. Respondent was granted visitation rights and was ordered to provide support for the minor children in the sum of $50 per month per child. Respondent has remained current in his payment of child support. Both parties have remarried. Petitioner resides in Pablo, Montana, while respondent resides in Republic, Washington.

On July 12, 1976, petitioner filed a petition in the District Court, Lake County, seeking an order of the District Court finding respondent in contempt of the divorce decree's visitation provisions and an award of $500 punitive damages. Respondent subsequently filed a petition on August 16, 1976, seeking modification of the divorce decree and an award of the permanent care, custody and control of the minor children. Petitioner similarly filed a petition for modification of the divorce decree on August 18, 1976, seeking a change in respondent's visitation rights and an increase in the amount of respondent's contribution to the support and maintenance of the minor children.

The causes were consolidated and heard by the District Court on September 22 and 24, 1976. On December 8, 1976, the court issued its findings of fact, conclusions of law and judgment, holding that due to the domestic conflict associated with petitioner's remarriage, the best interests of the minor children dictated that the divorce decree of March 28, 1973, be modified to award respondent the care, custody and control of the minor children. Petitioner was awarded visitation rights, no child support was awarded to either party, and each party was to assume his own attorney fees and costs in the action.

Petitioner filed post-trial motions to amend the findings of fact and conclusions of law; to alter or amend the judgment; and an alternative motion for new trial. In its amended judgment of January 17, 1977, the District Court denied petitioner's motions; affirmed its holding in the previous judgment; provided for the District Court's continuing jurisdiction in the matter; and, established a date and procedure for the transfer of the custody of the minor children.

On February 15, 1977, petitioner filed notice of appeal in the District Court. The court stayed execution of its judgment pending petitioner's appeal to this Court.

Petitioner presents four issues for review:

1. Whether the District Court abused its discretion by failing to make findings of fact and conclusions of law in compliance with sections 48-332 and 48-339, R.C.M. 1947?

2. Whether the District Court erred when it failed to cause a record to be made of the in-chambers interview of the minor children pursuant to section 48-334(1), R.C.M. 1947?

- 3 -

3. Whether the District Court abused its discretion when it denied petitioner's request for the appointment of professional personnel pursuant to section 48-335, R.C.M. 1947?

4. Whether the District Court abused its discretion in accepting unfounded reputation testimony and making a finding of reputation on the basis of that testimony?

Petitioner's first issue considers areas of the Uniform Marriage and Divorce Act, heretofore often before this Court. See: Gianotti v. McCracken, ____Mont.____, 569 P.2d 929, 34 St. Rep. 1087; In re Custody of Dallenger, ____Mont.____, 568 P.2d 169, 34 St.Rep. 938; Lee v. Gebhardt, ____Mont.____, 567 P.2d 466, 34 St.Rep. 810; Ronchetto v. Ronchetto, ____Mont.____, 567 P.2d 456, 34 St.Rep. 797; Groves v. Groves, ____Mont.____, 567 P.2d 459, 34 St.Rep. 790; Holm v. Holm, ____Mont.____, 560 P.2d 905, 34 St.Rep. 118. These cases announce the law in Montana governing a petition for change of child custody and modification of a divorce decree.

Section 48-339 establishes the "best interest of the child" test, stated in section 48-332 as the primary consideration controlling any proposed modification of child custody. However, the criteria of the best interest test is not put into effect until the petitioning party seeking modification has satisfied the jurisdictional prerequisites announced in section 48-339:

> "Modification. (1) No motion to modify a custody decree may be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral, or emotional health.
>
> "(2) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown

to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior decree unless:

"(a) the custodian agrees to the modification;

"(b) the child has been integrated into the family of the petitioner with consent of the custodian; or

"(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health, and the harm likely to be caused by a change of environment is outweighed by its advantages to him.

"(3) Attorney fees and costs shall be assessed against a party seeking modification if the court finds that the modification action is vexatious and constitutes harassment." (Emphasis added.)

Although the District Court's findings of fact and conclustions of law in the instant case recognize the domestic conflict between petitioner and her present husband, the District Court fails to make a specific finding there has been a change in circumstances in the children's environment since the prior divorce decree which seriously endangers the children's physical, physical, mental, moral or emotional health and/that the harm likely to be caused by a change of environment is outweighed by its advantages to the children. The District Court bases its judgment on the best interest of the children and fails to consider the provisions of section 48-339, enacted to preserve the basic policy of custodial continuity. Such modification of a divorce decree's provisions for the custody of children disregards the provisions of the Uniform Marriage and Divorce Act.

The second issue raised by petitioner concerns the District Court's failure to cause a record to be made of its in-chambers interview with the minor children. Section 48-334(1), R.C.M. 1947, provides:

- 5 -

"Interviews  (1)  The court may interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation.  The court may permit counsel to be present at the interview.  The court shall cause a record of the interview to be made and to be part of the record in the case."  (Emphasis added.)

The language of section 48-334(1) provides for the District Court's exercise of discretion in determining whether an in-chambers interview with children is necessary and whether counsel may be present.  However, once the District Court determines the in-chambers interview is necessary, section 48-334(1) mandates that a record of the interview be made and that such record be part of the case record.  The mandate of the statute was not complied with in the instant case and the court erred in failing to cause a record of the interview to be made.  Ronchetto v. Ronchetto, supra.

Petitioner's third issue  challenges the District Court's failure to seek the advice of professional personnel in making its decision to modify the divorce decree and award custody of the children to respondent. Section  48-334(2) provides:

"(2) The court may seek the advice of professional personnel, whether or not employed by the court on a regular basis.  The advice given shall be in writing and made available by the court to counsel upon request. Counsel may examine as a witness any professional personnel consulted by the court.  (Emphasis added.)

Section 48-335, provides:

"Investigations and reports.  (1) In contested custody proceedings, and in other custody proceedings if a parent or the child's custodian so requests, the court may order an investigation and report concerning custodial arrangements for the child.  The investigation and report may be made by the county welfare department."

- 6 -

The language of the statutes dictates an exercise of the District Court's discretion in determining whether the findings and/or advice of professional personnel is necessary to a resolution of the pending action. This Court has long held the District Court's exercise of discretion ought not be disturbed except upon a clear showing of abuse of discretion. In the Matter of Fish, _____Mont._____, 569 P.2d 924, 34 St.Rep. 1080; Lee v. Gebhardt, supra. Petitioner has failed to demonstrate such an abuse of discretion and we fail to find the District Court abused its discretion when it determined the aid of professional personnel was not necessary to the resolution of the instant case.

Petitioner's final issue attacks the District Court's exercise of discretion in admitting into evidence reputation testimony concerning petitioner's present husband and its reliance upon such testimony in finding he possessed a bad reputation in the community for peacefulness. Petitioner contends the District Court erred in admitting such reputation evidence and as a result petitioner incurred substantial prejudice.

Section 48-332 sets forth the relevant factors to be considered in determining child custody:

> "Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:
>
> "(1) the wishes of the child's parent or parents as to his custody;
>
> "(2) the wishes of the child as to his custodian;
>
> "(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

"(4)  the child's adjustment to his home, school, and community; and

"(5)  the mental and physical health of all individuals involved." (Emphasis added.)

The counterpart to section 48-332 is section 402 of the Uniform Marriage and Divorce Act as approved by the National Conference of Commissioners on Uniform State Laws.  The language of the two sections is the same except for the last sentence of section 402 which was not adopted by Montana:

"* * * The court shall not consider conduct of a proposed custodian that does not effect his relationship to the child."

Although Montana chose not to adopt this particular language, case authority has established a precedent moving away from the policy of admitting evidence of misconduct which did not effect the relationship of a custodian with the child.  Solie v. Solie, ____Mont.____, 561 P.2d 443, 34 St.Rep. 142; Foss v. Leifer, ____Mont.____, 550 P.2d 1309, 33 St.Rep. 528; 37 Montana Law Review 119.  In the instant case, the admission of reputation evidence concerned petitioner's present husband's violent conduct in the home and would be relevant as affecting his relationship with the child.

The ultimate concern of this Court is the welfare of the minor children.  The record in the instant case reveals disabilities of both parents seeking permanent custody of the children.  Petitioner resides in an atmosphere of domestic conflict while respondent labors under financial indebtedness.  Therefore, to protect the interests of the minor children upon rehearing of this matter, we instruct the District Court to appoint independent counsel for the minor children pursuant to section 48-324, R.C.M. 1947.  In the Matter of the Guardianship of Gullette, supra; In the Matter of Fish, supra.

- 8 -

The judgment of the District Court is vacated. The cause is remanded for a new hearing to determine permanent custody of the children, consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

. . . . . . . . . . .

Mr. Justice Daniel J. Shea deeming himself disqualified took no part in this Opinion.