No. 79-6

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN RE THE MARRIAGE OF:

WALT DALE McLEAN,

                    Petitioner and Respondent,

    vs.

PAMELA McLEAN SERIGHT,

                    Respondent and Appellant.

Appeal from:  District Court of the Eighth Judicial District,
              Honorable H. William Coder, Judge presiding.

Counsel of Record:

    For Appellant:

        Richard Ganulin, Great Falls, Montana

    For Respondent:

        Alexander and Baucus, Great Falls, Montana

                    Submitted on briefs: January 31, 1980

                    Decided:  MAR 27 1980

Filed:  MAR 27 1980

_____
Thomas J. Kearney          Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Pamela McLean Seright, the mother of Brandy Lynn McClean, appeals the order of the Cascade County District Court which denied her motion to modify provisions for custody contained in the court's decree of dissolution. The mother's appeal rests entirely on her contention that the father, Walt Dale McLean abandoned the child, and therefore that she is entitled to custody as a matter of law.

The parties were married in July 1974, and had one child, Brandy Lynn McLean, who was born on August 3, 1975. On January 27, 1976, the father petitioned the court for a decree of dissolution and for custody of the child. The court's decree of December 23, 1976 dissolved the parties' marriage and placed custody of the child in the father. On October 16, 1978, the mother petitioned the court for modification of its decree of dissolution insofar as it awarded custody to the father. The father filed a motion to quash the mother's motion on the basis that the court lacked jurisdiction. The court held a show cause hearing on the motion to quash and found it had both personal and subject matter jurisdiction. After conducting a hearing, the court filed an order dated June 14, 1979 which denied the motion to modify and awarded costs and expenses to the father. The mother appeals this order.

The mother presents two issues concerning custody, each of which is based upon her contention that the father has abandoned the child. She asserts that section 40-6-221, MCA, rather than the Uniform Marriage and Divorce Act (UMDA) applies to the present case. Furthermore, she contends that even if the UMDA applies here, that she is entitled to custody because the father's surrender of physical custody to a third party has threatened the welfare of the child. She also contends that the court failed

to consider the financial resources of the parties prior to awarding costs to the father.

The mother's first contention is that she is entitled to custody of the child according to the provisions of section 40-6-221, MCA. This section provides in part that "[I]f either parent . . . has abandoned his or her family, the other is entitled to the custody . . . of the child . . ." In connection with this issue, the mother argues that the trial court abused its discretion in finding that the father had not abandoned the child.

The father obtained custody of the child according to the provisions of the December 1976 decree of dissolution. Soon after the dissolution, the father who was then a member of the U. S. Army was reassigned to Oklahoma where he resided with the child until November 1977. After his discharge, he returned to Great Falls. In May 1978, the father transferred physical custody of the child to his brother and sister-in-law who reside in Marquette, Michigan. The father remained in Great Falls until the fall of 1978 when he moved to San Diego, California. At the time of the transfer, the father signed and delivered a custodial care authorization to his brother and in August 1978 sent his brother a letter asking him to adopt the child. The wife argues that the father's surrender of physical custody and letter to his brother established as a matter of law the father's abandonment of the child.

Without attempting to state any precise definition, we recognize that evidence of the parent's intent to escape his or her parental duties is an important factor in determining whether abandonment has occurred. See Pratt v. Bishop (N.C. 1962), 257 N.C. 486,/S.E.2d 597, 608; 2 C.J.S. Adoption of Persons §61(a), p. 481, et seq. To constitute abandonment, a natural parent's

- 3 -

surrender of physical custody must be accompanied by some act indicating the transfer was not intended to be temporary. See Matter of Guardianship of Doney (1977), 174 Mont. 282, 570 P.2d 575; State v. District Court, Gallatin County (1957), 132 Mont. 357, 318 P.2d 571. The trial court's decision concerning child custody will not be disturbed unless there is a clear abuse of discretion. See Lee v. Gebhardt (1977), 173 Mont. 305, 567 P.2d 466.

There is ample evidence in the record to support the trial court's conclusion that abandonment did not occur. After his discharge from the Army, the father was temporarily unemployed. He transferred custody of the child to his brother in order to attend vocational school and thereby acquire steady employment. Thus, the circumstances surrounding the transfer of custody suggest that the father intended to regain custody of the child. Furthermore, it appears the father's primary purpose in consenting to adoption was to provide a healthy environment for the child rather than to relinquish his parental duties. The father consented to adoption in order to protect the brother's custody of the child from challenges by third parties and the mother. Thus, the father's consent was contingent upon the mother's release of any claim to the child. We find no error in the court's conclusion that abandonment did not occur, or in its failure to apply section 40-6-221, MCA, to this case.

The mother contends that even under the UMDA's requirements for modification of custody, she is entitled to custody of the child. In 1979, the Montana State Legislature deleted the affidavit requirement for motions to modify custody filed within two years of the prior decree. See section 40-4-219(1), MCA, (amended). However, in 1978, this requirement was still in effect and it required the mother to accompany her motion, which was filed within two years of the decree of dissolution, with an

affidavit establishing that "there is reason to believe the child's present environment may endanger seriously his physical, mental, moral, or emotional health." See section 40-4-219(1), MCA, (unamended). The mother filed an affidavit in support of her motion but the court found that the mother failed to show "any harm to the child in her present environment, the preponderance of the evidence being clearly to the contrary."

The affidavit required under unamended section 40-4-219 (1), MCA, is a jurisdictional prerequisite to a court's modification of its custody decree. See Strouf v. Strouf (1978), _____ Mont._____, 578 P.2d 746,/ Prior to the court's order refusing
34 St.Rep. 626.
modification, the father filed a motion to quash based on the court's lack of jurisdiction over the child. The court issued an order finding that it had both personal and subject matter jurisdiction and denied the father's motion. The mother contends that the court's conclusion that it had subject matter jurisdiction implicitly rested on a finding that her affidavit in support of the motion to modify was sufficient.

There is no merit in this argument. At the hearing on the wife's motion, the husband's counsel asked the court whether it had implicitly ruled on the sufficiency of the affidavit. The court stated that it would review the jurisdictional issue raised by the affidavit requirement and dismiss the motion if it determined that it lacked jurisdiction. The court's order also reveals that it had not already determined the sufficiency of the affidavit as the court stated in language tracking section 40-4-219(1), MCA, that the affidavit was insufficient.

The mother's final argument concerning child custody is that the court abused its discretion in determining that the child's present environment did not endanger the child's welfare. The mother argues that the father has abandoned the child and thus, that the court erred in determining the adequacy of the

father's custody in terms of the care provided by the brother. We have already concluded however, that the record supports the conclusion that the father did not abandon the child. The father has completed truck driving school, and is now employed as a truck driver. Although his work requires that he be away from the child for weeks at a time, the father maintains his legal residence at the brother's home. The father spent one month in 1979 residing at the brother's home, and the child recognizes that the father is her natural father. Under these circumstances the court properly considered the child's environment in relationship to her actual living circumstances. The evidence presented at the hearing on the mother's motion established that the child lives in very pleasant surroundings which enhance rather than threaten her physical and emotional well-being.

The court awarded to the father his costs and expenses for defending against the motion. The court has authority to award costs here only if the award is equitable in light of the financial resources of each party. See section 40-4-110, MCA. The father is employed while the mother is indigent. She has appealed in forma pauperis to this Court. Nothing in the court's findings of fact or order suggests that it considered her financial position. Accordingly, this portion of the court's order is reversed.

With the exception of the award of costs to the father, the court's order denying the mother's motion is affirmed. The award of costs is reversed.

Except as modified, the judgment of the District Court is affirmed.

Justice

- 6 -

We concur:

*Frank I. Haswell*
Chief Justice

*Gene B. Daly*

*John Conway Harrison*

*John C. Sheehy*
Justices