No. 14556

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

JANICE LYNN GALL,

Plaintiff and Appellant,

vs.

STEPHEN THOMAS GALL,

Defendant and Respondent.

Appeal from: District Court of the Fifth Judicial District,
Honorable Frank E.Blair, Judge presiding.

Counsel of Record:

For Appellant:

Daniel R. Sweeney argued, Butte, Montana

For Respondent:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Gig Tollefsen argued, Bozeman, Montana

Submitted: January 18, 1980

Decided: APR 2 - 1980

Filed:

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The wife appeals from an order of the Beaverhead County District Court modifying the visitation provisions and child support provisions of the original dissolution decree.

The wife contends that the court had no jurisdiction to change visitation rights because the husband failed to file affidavits in support of his petition. Furthermore, she contends that the trial court abused its discretion in reducing child support payments from $150 to $100 per month. We conclude that the trial court properly modified the child visitation rights. On the other hand, we determine that the trial court did not enter appropriate findings on the issue of child support and also that it failed to comply with the standard set forth in section 40-4-208, MCA. We therefore must remand the child support issue to the District Court.

On May 15, 1978, the husband filed a petition to modify the original dissolution decree. He sought a change in visitation privileges, and also a reduction of monthly child support payments from $150 to $75. On June 6, 1978 the wife filed a motion to dismiss contending that the husband had failed to file supporting affidavits and had improperly served the petition to modify in the form of a summons. On August 22, 1978, a hearing was held and the trial court denied the wife's motion to dismiss but entered no order. On September 5, 1978, the trial court simply filed a memorandum denying the request, and filed no order.

The wife appealed from this memorandum and we dismissed without prejudice for the reason that no final order had been entered. Later, the trial court entered findings of

fact and conclusions of law and adopted the memorandum by reference. On July 17, 1979, the trial court entered an order which incorporated those findings and conclusions.

By its order the trial court modified the original dissolution decree by reducing the child support payments from $150 to $100 per month and requiring the husband to pay an additional $25 each month until all of the delinquent child support payments were paid in full. The trial court also restricted the husband's visitation privileges by allowing the husband to take the child to his parents' ranch once every two months. This appeal followed.

The wife contends now that in the absence of supporting affidavits, the trial court had no jurisdiction to entertain a motion to modify the child custody provisions. Furthermore, she contends that the trial court should not have reduced the child support payments.

It is clear, however, that the trial court had jurisdiction to modify visitation. Section 40-4-220, MCA, upon which the wife relies, requires that appropriate supporting affidavits be filed when a change of custody is sought. See Olson v. Olson (1978), 175 Mont. 444, 574 P.2d 1004. Thus the wife's reliance on Olson is misplaced. Here, the husband sought a change of visitation rights and section 40-4-217, MCA, is controlling. This statute does not require supporting affidavits. See Lee v. Gebhardt (1977), 173 Mont. 305, 567 P.2d 466; Solie v. Solie (1977), 172 Mont. 132, 561 P.2d 443. Under section 40-4-217(3), MCA, the trial court may modify visitation rights whenever modification would serve the best interest of the child. Accordingly, it was not error for the trial court to modify the visitation rights of the husband.

-3-

Neither the wife, in contending that the child support payments should not have been reduced, nor the husband in contending that they were properly reduced, have cited the controlling statute to this Court, section 40-4-208, MCA. Under this statute, the trial court may modify child support payments only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable, or upon written consent of the parties. See Gianotti v. McCracken (1977), 174 Mont. 209, 569 P.2d 929. Since the parties did not consent to the child support modification, the essential requirement is that there be an evidentiary basis to determine that it would be unconscionable to continue the child support payments presently in effect.

Here, there are virtually no findings at all on this issue, let alone a determination that enforcement of the present child support payments would be unconscionable. The only findings are to the effect that the circumstances changed by reason of the wife's remarriage to another person. Even though the record is replete with evidence as to the financial condition of each party, the trial court made no specific findings as to the wife's increased ability to support the child or the husband's decreased ability to pay the $150 per month for child support. In the absence of findings we cannot review the propriety of the trial court's decision.

It appears that the trial court's decision turned on the conclusion that the wife had since remarried and that although she was having difficulties in her new marriage, nonetheless the new husband had an obligation to provide her with a home. The trial court simply assumed that the wife's marital problems would be resolved. But the conditions

-4-

and circumstances of the parties must be examined and determined at the time of the modification hearing, and may not be based upon mere speculative future conditions or possible conditions. See Scott v. Scott (1979), 121 Ariz. 492, 591 P.2d 980; In Re Marriage of Cobb (1977), 68 Cal.App.3d 855, 137 Cal.Rptr. 670. Here the trial court's findings as to the wife's marital status and relationship with her second husband are improperly based upon assumptions and speculation. Furthermore, they fail to satisfy the standard contained in section 40-4-208, MCA, that the changed circumstances must be so substantial and continuing as to make the terms of the original decree unconscionable.

The order changing the visitation rights is upheld. But without the required findings on the issue of modification of child support, we decline to rule on this issue. Because circumstances may have changed since this appeal was undertaken, this cause is remanded for another evidentiary hearing and the trial court is further instructed to enter the required findings of fact and conclusions of law in support of whatever judgment it reaches.

This cause is remanded to the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-