MR. CHIEF JUSTICE HASWELL,
concurring in part and dissenting in part:
I concur in affirming the division of marital property and find sufficient evidence to support the District Court’s findings on the wife’s health problems.
My quarrel is in the award of an automatic annual increase in child support. It is essential that there be an evidentiary basis to determine that it would be unconscionable to continue the amount of child support payments then in effect. See Gall v. Gall (1980), Mont., 608 P.2d 496, 37 St.Rep. 639. Gall further cautions that the award of child support cannot be based upon “mere speculative future conditions or possible conditions.” 608 P.2d at 498. Here, the record is barren of any evidentiary foundation for the automatic annual increase.
Automatic cost of living adjustments in child support payments based on a formula that fluctuates with changes in the Consumer Price Index and considers the factors affect *262 ing child support is possible. See Falls v. Falls (1981), 52 N.C.App. 203, 278 S.E.2d 546; Branstad v. Branstad (Ind.App.1980), 400 N.E.2d 167, The vice of the automatic cost-of-living increase in the instant case is that the other factors affecting child support set forth in sections 40-4-204 and 40-4-208, MCA, were assumed to remain constant and the 5 percent annual increase established without evidentiary support.
I would vacate the annual cost-of-living increase in child support and affirm the remainder of the decree.