No. 90-020

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF GRETCHEN B. OTTO,
    Petitioner and Appellant,

v.

ARTHUR E. OTTO,
    Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                James C. Bartlett, Hash, O'Brien & Bartlett,
                Kalispell, Montana

        For Respondent:

                Stephen C. Berg, Warden, Christiansen, Johnson &
                Berg, Kalispell, Montana

                                Submitted:  August 23, 1990

                                Decided:  November 8, 1990

Filed:

                                            _____
                                                    Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

In November of 1989, the Flathead County District Court entered a decree of dissolution of the marriage of Arthur E. Otto and Gretchen B. Otto. Appellant appeals from the property settlement and child custody award. We affirm.

The issues for review are:

1. Whether the District Court erred in designating respondent the residential parent.

2. Whether the District Court erred in evaluating respondent's veterinary practice.

Appellant filed a petition for dissolution on April 12, 1989. Respondent filed a response on April 17, 1989. The trial on all contested issues was heard by the District Court on August 2 and 3, 1989. The District Court entered its findings of fact, conclusions of law and decree of dissolution on November 2, 1989. On November 13, 1989, appellant filed a motion for amendment of findings of fact, conclusions of law and motion to alter or amend decree of dissolution. On November 17, 1989, respondent filed his memorandum opposing petitioner's motions to amend or alter. A hearing was held on appellant's motion in Cut Bank, Montana, on December 20, 1989. On December 28, 1989, the District Court entered its supplementary findings of fact, conclusions of law and decree. On January 5, 1990, appellant filed her notice of appeal.

Respondent and appellant met at Northfield, Minnesota, while attending classes at St. Olaf College. Following a six-month courtship, they graduated from St. Olaf and married in June of

2

1967. Respondent received his undergraduate degree in biology and appellant received her undergraduate degree in psychology. Respondent then entered officer's candidate school with the U.S. Navy at Newport, Rhode Island. Respondent was released from active duty in January of 1970. During the time respondent was in the Navy, appellant worked as a social worker and as a substitute teacher.

Following respondent's release from the Navy, the couple managed a ranch near Gilford, Montana, for approximately six months until respondent was accepted to veterinary school at Colorado State University. While in veterinary school, appellant taught at a Montessori school, worked as a retailer with a Denver department store, served as a cocktail waitress, and continued as a social worker. During this time, her work was interrupted by two pregnancies. One child died a month after birth, the other child, Josh, their oldest, was born in 1972.

Upon respondent's graduation from veterinary school in 1975, the couple sold their trailer house and went on a trip, spending the money from the sale. Virtually penniless, the couple then moved to New Jersey where respondent embarked on his new veterinary career with a one-year internship. During this period, appellant took care of Josh and completed a course at an interior design school.

In August, 1976, the parties moved to Kalispell, Montana, where respondent started his own veterinary practice, which he has continued to the present date. The middle child, Gabe, was born

on October 15, 1976. Upon moving to Kalispell, respondent practiced out of a remodeled house on the same site where the veterinary clinic was later built in 1981. The upstairs of the house also served as the family's temporary residence until they bought a home on Seventh Avenue East. The family lived on Seventh Avenue East during the birth of their youngest son, Paul, on August 26, 1978. In 1983, they moved into their present home on Second Avenue East in Kalispell. Following the birth of Gabe in 1976, appellant began a part-time interior design business which she operated for about ten years. In addition to working as an interior designer, appellant served as a reporter for the local television station, and, approximately one and one-half years before the trial, had begun work at Glacier View Hospital as a psychiatric counselor, primarily involved with adolescents.

The testimony heard at trial was extensive and conflicting. Each party testified as to his or her superior parental skills and ability and introduced character witnesses to foster their claims. Each party also called its own expert witness who testified as to the value of the veterinary clinic. After hearing the testimony, the District Court entered its findings of fact, conclusions of law and decree.

In its decree, the District Court valued the veterinary clinic at $83,227. The District Court ordered an equal distribution of marital assets and awarded joint custody, care and maintenance of the children, with respondent designated primary residential custodian. The District Court awarded appellant liberal visitation

4

including alternating weekends, and major holidays plus six weeks each summer. From this decree appellant appeals.

The first issue raised on appeal is whether the District Court erred in designating respondent as the primary residential parent.

Appellant argues that the District Court's findings of fact, conclusions of law and order are not supported by substantial evidence.

The District Court is to determine custody in accordance with the best interests of the child, considering all relevant factors, pursuant to § 40-4-212, MCA. The court found that it was in the children's best interest for the parties to share joint legal custody, with respondent designated as primary residential custodian.

As this Court has said many times, the trial judge in a divorce proceeding is in a better position than this Court to resolve child custody. Lee v. Gebhardt, 173 Mont. 305, 567 P.2d 466 (1977). The District Court's decision is presumed correct and will be upheld unless clear abuse of discretion is shown. The appealing party must show, by clear error (Rule 52(a), M.R.Civ.P.) that the record does not support the judgment of the District Court. Lee, 173 Mont. at 309, 567 P.2d at 468. Despite conflicting testimony of the parties in this case, substantial evidence supports the District Court's conclusion. Further, the findings show the court considered all factors listed in § 40-4-212, MCA.

Those criteria are as follows:

a) The wishes of the child's parents as to his custody: The Court privately conferred with the children. The Court notes that both respondent and appellant requested to be designated as primary residential custodian.

b) The wishes of the child as to his custodian: The Court privately conferred with the children. The Court noted that the children unanimously wanted to remain together and live with their father.

c) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest: Much of the testimony which the Court heard pertained to this criterion. The Court considered this evidence as reflected in finding of fact VIII.

d) The child's adjustment to his home, school and community: The evidence shows that the boys are all well-adjusted, intelligent, active individuals. The Court noted this in finding of fact VIII: "They [the children] appear to understand the importance of education and the need to become involved in community activities, which at this point of their lives means athletics and school-related affairs."

e) The mental and physical health of all individuals involved: This was not an issue in the case as the parties and their children are well-adjusted and healthy. The remaining two criteria are also not applicable since the record did not show physical abuse or chemical dependency existed within this family.

6

The Court's finding VIII specifically outlined its reasons in determining that it would be in the children's best interest that respondent be designated primary residential custodian. First, the court found a "close long-term and deep" relationship between the children and respondent. The court found that this relationship focused on athletics, music and recreational activities. The court also found that this relationship focused on problem solving to which they looked to their father, respondent, for guidance. Second, the court noted the importance of the activities which the relationship focused on and found that "continued and uninterrupted involvement in these areas is more likely with" respondent than with appellant. Third, the court found that respondent's occupation has allowed him freedom in the past to "actively and consistently participate with the children" in all their activities.

The trier of fact was present at trial to hear all the testimony of the parties involved, including the children whose custody is disputed.

At the time of trial the three children, Paul, Gabe and Josh were ages 10, 12 and 17, respectively. The District Court conferred with the children privately in chambers. The children expressed a shared desire to reside with their father but made it explicit that they wanted to visit their mother as much as, and whenever, they so desired. The children expressed that they did not want the court to set a schedule which dictated when they must and must not visit their mother. All the parties, including the

children, agreed that the children should live in the same household.

Both parties presented credible evidence supporting their respective custody claims. The District Court found respondent's testimony more substantial and credible. It is the District Court's determination of the children's best interest that controls. The factors set forth in § 40-4-212, MCA, were considered, appropriate findings were made, and sufficient evidence supported those findings.

Appellant also argues that by definition, in joint custody, the children will live in both parents' households with time divided as equally as possible. This description is incomplete. We have recently held that "in joint custody, allotment of time for physical custody and residence of the children must be as equal as possible between the parents, but each case is to be determined according to its own practicalities, with the best interests of the child as the primary consideration." (Emphasis added.) In re the Marriage of Lorenz (Mont. 1990), 788 P.2d 328, 331, 47 St.Rep. 546, 549. Therefore, the fact that the District Court awarded joint custody absent an equal time share of the children does not, per se, amount to an abuse of discretion. The District Court decided that the boys would reside with respondent during the school year and awarded appellant "liberal visitation to include, but not limited to, alternating weekend visitations, maximum communication with the children, alternating major holidays and six (6) weeks visitation each summer." In making this custody decree, the

District Court determined that it would not be in the best interests of the children to shuffle them back and forth between both parents and we find that the District Court did not abuse its discretion by so doing.

In light of the evidence found in the record, we find that the District Court's findings, conclusions and decree regarding custody is supported by substantial credible evidence. There was no abuse of discretion. The custody award is affirmed.

## II.

The next issue is whether the court failed to properly valuate the veterinary practice.

Appellant argues that the District Court's valuation of the veterinary practice was not supported by sufficient evidence. Specifically, appellant argues that the veterinary practice was undervalued by the District Court at $83,227.

The District Court's findings of fact must be viewed as a whole. In re the Marriage of Hockaday, 237 Mont. 413, 773 P.2d 1217 (1989). The standard of review in a distribution case is that, absent a clear abuse of discretion, the District Court will not be overturned where the District Court based its distribution of marital assets on substantial credible evidence. In re the Marriage of Stewart, 232 Mont. 40, 42, 757 P.2d 765, 767 (1988). We will not reverse the District Court on a property distribution determination without such a showing. Moreover, the District Court has far reaching discretionary powers when valuing property for distribution. The valuation need only be reasonable in the light

of the evidence presented. In re Marriage of Milesnick (1988), 235 Mont. 88, 95, 765 P.2d 751, 755.

Both parties employed qualified appraisers to give expert opinions as to the present value of the subject veterinary practice. The court considered the deposition testimony of appellant's expert together with the oral testimony of respondent's expert. Appellant's appraiser valued the veterinary practice at $185,000 while respondent's appraiser valued it at $83,227. The District Court accepted the $83,227 appraisal and explained in its findings that this more conservative value was more realistic considering the facts that: 1) the veterinary practice was and always had been a solo practice; and, 2) the market in Flathead County has became more competitive which was evidenced by the fact that the ratio of people to veterinarians is currently on the increase.

In the present case, the District Court predicated its $83,227 valuation on the expert testimony of an appraiser. We held in Milesnick, at 94, 765 P.2d at 755, that expert testimony is a reasonable premise for which the District Court may base a valuation. Appellant, however, argues that she too presented expert testimony that the veterinary practice had a value of $185,000 and that there was no rationale given by the court for its $83,227 valuation and, likewise, no rationale for its rejection of the $185,000 valuation. However, in Milesnick, at 95, 765 P.2d at 755, we stated:

> When confronted with conflicting evidence, the court must use its fact-finding powers to determine which evidence

is more credible . . . Unless there is a clear preponderance of the evidence against the District Court's valuation, its findings, where based on substantial though conflicting evidence, will not be disturbed on appeal.

The District Court's $83,227 valuation of the veterinary practice was reasonable in light of the testimony presented and the rationale set forth in the District Court's findings. There was no abuse of discretion.

Affirmed.

_William E. Hunter Sr._
Justice

We Concur:

_John Conway Harrison_

_Diane G. Barz_

Justices