DA 13-0475

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 178N

IN RE THE PARENTING OF
I.M.M.

KIMBERLY LUTHER,

        Petitioner and Appellant,

   and

JORAM MARTIN,

        Respondent and Appellee.

APPEAL FROM:   District Court of the Sixth Judicial District,
                      In and For the County of Sweet Grass, Cause No. DR-2009-10
                      Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Kimberly Luther, self-represented, Butte, Montana

       For Appellee:

           Joram Martin, self-represented, Three Forks, Montana

                        Submitted on Briefs:  June 18, 2014
                                   Decided:  July 8, 2014

Filed:

_____
                            Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Petitioner Kimberly Luther (Kimberly) appeals from the Findings of Fact, Conclusions of Law, and Final Parenting Plan entered by the Sixth Judicial District Court, Sweet Grass County. We affirm.

¶3 Kimberly and Respondent Joram Martin (Joram) are the parents of I.M.M., born in 2006. I.M.M. has been diagnosed with autism. Kimberly and Joram were never married, and an initial Stipulated Parenting Plan was signed by the parties and filed with the court on August 31, 2009. The Stipulated Parenting Plan provided that Joram would be the primary residential custodian of I.M.M., given that Kimberly was to begin inpatient treatment at Montana Chemical Dependency Center (MCDC) in Butte.

¶4 Kimberly successfully completed the program at MCDC. However, she relapsed, was readmitted to MCDC, and again completed inpatient treatment on March 8, 2010. On March 19, 2010, she filed a motion in the District Court alleging that she had not been allowed her parenting time without interference from Joram. Although the court ordered mediation, there is no documentation that the parties actually mediated their disputes. Nevertheless, on November 26, 2010, the court adopted the parties' stipulated Final

Parenting Plan, which provided that I.M.M. would reside with Kimberly and that Joram would have weekend visitation.

¶5 On November 5, 2012, Joram filed a Motion to Amend Parenting Plan, arguing that Kimberly was interfering with his parenting visitation. The District Court conducted a hearing on December 10, 2012, and placed I.M.M. in Joram's care, providing alternate weekends of parenting time for Kimberly. Within ten days of the court's decision, the court received correspondence from I.M.M.'s pediatrician and new school. Based on this information, the court issued an Order Amending Parenting Plan on December 26, 2012, allowing Kimberly only supervised visitation one day of the second and fourth weekends of each month. The court also required that school and other professionals file reports with the court, beginning March 1, 2013, as to I.M.M.'s status.

¶6 On February 25, 2013, Kimberly filed a Petition for Contempt alleging that Joram had made false reports to the court during the December 10, 2012 hearing and had falsely alleged Kimberly violated the parenting plan in various ways. The court set the matter for a hearing on May 22, 2013.

¶7 The hearing was held as scheduled on May 22, 2013. Kimberly and Joram appeared as self-represented litigants and presented their own testimony and that of other witnesses. The District Court considered documentary evidence as well. The court issued its findings and conclusions on June 14, 2013. It is from this order that Kimberly appeals.

¶8 A review of the record establishes that the District Court considered the wishes of the parents and realized that both parents love I.M.M. and desire to have I.M.M. in their

3

care. The court observed that I.M.M. has a strong bond with both parents. However, the court indicated that it was concerned with the interaction and interrelationship of I.M.M. with Kimberly and Kimberly's live-in boyfriend. The court noted this concern, given the chemical dependency issues of Kimberly, along with concerns about sexual abuse or inappropriate toileting practices with I.M.M. on the part of Kimberly, significant absences from school and illnesses of I.M.M. when she was parented primarily by Kimberly, Kimberly's incessant reporting of Joram to law enforcement and the Department of Public Health and Human Services, indications of violence between Kimberly and her boyfriend in their home, and inappropriate conduct at I.M.M.'s school on the part of Kimberly and her boyfriend. The District Court noted that Joram's household is more stable and that I.M.M. is doing well in school.

¶9 This Court's standard of review for custody and visitation is twofold. The findings of fact upon which the district court relied in rendering its decision are reviewed to determine whether they are clearly erroneous. *In re Marriage of Wilson*, 2009 MT 203, ¶ 10, 351 Mont. 204, 210 P.3d 170. Where the findings are supported by substantial credible evidence, we will affirm the custody and visitation decision unless it is shown that the district court clearly abused its discretion. *Wilson*, ¶ 11; *Otto v. Otto*, 245 Mont. 271, 274-75, 800 P.2d 706, 708 (1990). "We will not substitute our judgment for that of the trier of fact as the trial court is in a better position than this Court to resolve child custody issues." *In re Marriage of McKenna*, 2000 MT 58, ¶ 17, 299 Mont. 13, 996 P.2d 386. Upon consideration of the record, we conclude that there is substantial credible evidence supporting the District Court's determination that it is in I.M.M.'s best interest

4

to be in the care of Joram, with Kimberly's parenting time to be supervised. We further conclude that the District Court did not abuse its discretion. The District Court's findings and conclusions are extensive. The court was very aware of the issues between the parties and the particular circumstances relating to I.M.M.'s welfare and best interests.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court properly considered the parenting factors set forth in § 40-4-212, MCA, and the court did not abuse its discretion in leaving I.M.M. in Joram's care and allowing Kimberly supervised parenting time, until further order of the court.

¶11 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA